# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 9990 | DATE | 5/6/2013 |
| CASE TITLE | Lexington Insurance Company et al. v. Office Depot, Inc. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons that follow, the Court grants Defendant Office Depot, Inc.'s Motion to Dismiss Counts III and IV [ECF No. 7].

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Office Depot, Inc.'s motion to dismiss. For the reasons that follow, the Court grants the motion.

### I. FACTUAL BACKGROUND

This case involves a subrogation action which arises from a fire in the 25-story Bank of America, N.A. ("BOA") banking center located at 33 North Dearborn, in Chicago, Illinois. On March 6, 2011, an electrical counterfeit currency bill detector started a fire at BOA. The fire spread and caused significant damage to BOA and adjacent properties in the building. Plaintiffs Lexington Insurance Company, Arch Specialty Insurance, Hanover Insurance Company, Cincinnati Insurance Company, State Farm Fire & Casualty Company, Certain Underwriters at Lloyds of London and Certain London Market Insures, and American Family Insurance Group (collectively, "Plaintiffs") insured the building and various tenants against the loss at the time of the fire. Plaintiffs have reimbursed each of their insureds for their losses and now seek to recover amounts they paid their insureds in connection with the fire. They seek to be reimbursed from Defendants Hilton Trading Corporation d/b/a Accubanker USA, ("Accubanker"), Office Depot, Inc. ("Office Depot") and Bank of America, N.A. (collectively, "Defendants").

On December 14, 2012, Defendant Office Depot removed this case to Federal Court. Shortly after removing the case, it filed the instant motion, seeking to dismiss Plaintiffs' negligence (Count III) and strict liability (Count IV) claims.

### II. LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state claim upon which

**STATEMENT**

relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When considering a motion to dismiss under Rule 12(b)(6), the Court takes all well pleaded allegations of the complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). To satisfy the notice-pleading standard of Federal Rule of Civil Procedure 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and must provide the defendant with fair notice of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has facial plausibility and survives dismissal when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Appert*, 673 F.3d at 622.

## III. DISCUSSION

### A. Negligence (Count III)

Plaintiffs assert a negligence claim against Defendant Office Deport for its part in selling the defective electrical counterfeit currency bill detector. Office Depot contends Plaintiffs' negligence claim should be dismissed because Plaintiffs fail to allege Office Depot owed and breached a legal duty to Plaintiffs. Plaintiffs argue their complaint alleges Office Depot owed a duty to Plaintiffs because of its involvement in the design, manufacture, testing and inspecting of the electrical counterfeit currency bill detector.

"[I]n any negligence action, a plaintiff must establish the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages." *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1153-54 (Ill. 2011). "The touchstone of this [C]ourt's duty analysis is to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Marshall v. Burger King*, 856 N.E.2d 1048, 1057 (Ill. 2006). In determining whether a defendant owed a duty, the Court considers (1) likelihood of injury; (2) reasonable foreseeability of such injury; (3) the magnitude of the burden of guarding against the injury; and (4) consequences of placing that burden on defendant. *Brewster v. Rush-Presbyterian-St. Luke's Med. Center*, 836 N.E.2d 635, 637 (Ill. App. Ct. 2005).

In relevant part, Plaintiffs' complaint states, "Office Depot owed a duty to Plaintiffs to exercise reasonable skill and care in designing, constructing, manufacturing, testing, inspecting and selling the subject Accubanker D62 [the electrical counterfeit currency bill detector]." ECF No. 1-1 at ¶ 70. Plaintiffs allege Office Deport breached this duty by, "[f]ailing to properly construct the subject Accubanker D62 . . . failing to properly design the subject Accubanker D62, failing to properly warn of the dangerous condition that existed . . . failing to correct and/or remedy the unreasonable defects . . . failing to maintain proper process and quality control over the manufacture, assembly of completeness . . ." *Id.* at ¶ 71.

Office Depot argues these allegations are insufficient because 1) it did not design or manufacture the electrical counterfeit currency bill detector; and because 2) the complaint fails to allege the electrical counterfeit bill detector was in a dangerous condition when it arrived at BOA or that Office Depot had knowledge of the said defects. The Court agrees.

Plaintiffs fail to allege facts that demonstrate Office Depot could foresee the injuries sustained by Plaintiffs, who were not purchasers, users, or foreseeable users of the electrical counterfeit currency bill detector. *See e.g., Solis v. BASF Corp.*, No. 1-11-0875, 2012 WL 4748186 at *18 (Ill. App. Ct. Oct. 4, 2012) (finding the lower court properly instructed the jury that the distributor had a duty to warn and instruct the

**STATEMENT**

user of the dangers rather than providing a more expansive duty instruction). While Plaintiffs rely on *Scott and Fetzer Company v. Montgomery*, to support their position, the Court finds Plaintiffs' reliance misplaced. 473 N.E.2d 421 (Ill. App. Ct. 1984). In *Scott*, a group of plaintiff tenants brought a tort action against the adjoining tenant and the corporation which supplied, installed, and maintained the adjoining tenant's fire alarm system. *Id.* at 425. The product at issue in that case was a fire alarm system which had the purpose of detecting and stopping the spread of fires. *Id.* In *Scott*, the court determined it was foreseeable that a failure on the defendant's part could lead to fire damages to both the client's property and adjacent properties since the product's purpose was to detect and stop fires. *Id.*

The electrical counterfeit currency bill detector in this case is not analogous to a smoke detector. As a seller of this product, the Court does not find it was reasonable for Office Depot to foresee that the sale of the said product would result in fire to multiple property owners.

As further support for dismissal, Office Depot references Judge St. Eve's recent opinion in the related case, *Brenner, Ford & Monroe et. al v. Bank of America and Office Depot, Inc. See* No. 12-C-6400, ECF No. 33. In that subrogation case, the insurance companies representing the adjacent tenants have sued BOA and Office Depot to recover amounts they paid to the insureds in connection with the same fire. The court there granted Office Depot's motion to dismiss plaintiffs' negligence claims, finding plaintiffs failed to allege Office Depot owed plaintiffs a legal duty. *Id.*

Office Depot argues that because Plaintiffs' complaint in this case has nearly identical allegations as the one in *Brenner, Ford & Monroe*, this Court should follow suit. In response, Plaintiffs make no attempt to distinguish the instant complaint from the one in *Brenner, Ford & Monroe*. Instead, they suggest Judge St. Eve erred because she focused "simply on the allegation of warning, not the inspection, testing, design and manufacture allegations." Pls.' Resp. to Def. Office Depot's Mot. to Dismiss Pls.' Comp. at 6.

This Court disagrees with Plaintiffs' characterization. In her ruling, Judge St. Eve noted that the dismissal of the negligence claim against Office Depot was appropriate because plaintiffs failed to "establish that Office Depot could foresee the injuries sustained by Plaintiffs who were not purchasers, users, or foreseeable users of the product." *Brenner, Ford & Monroe et al. v. Bank of America and Office Depot, Inc.*, No. 12-C-6400, (Dec. 7, 2012), ECF No. 33. The same is true here. Plaintiffs are not purchasers or foreseeable users of the electrical counterfeit currency bill detector. Thus, the Court fails to see how the claim here warrants different treatment.

Furthermore, Plaintiffs fail to allege that Office Depot knew or should have known that the electrical counterfeit currency bill detector was in a defective condition at the time it was sold to BOA. *See Jablonski*, 955 N.E.2d at 1159 ("[W]hen a design defect is present at the time of sale, the manufacture has a duty to take reasonable steps to warn at least the purchaser of the risk as soon as the manufacturer learns or should have learned of the risk created by its fault."). There are no allegations here that Office Depot knew or should have known that the electrical counterfeit currency bill detector was defective, or that the product was defective at the time Office Depot sold it to BOA. Additionally, unlike the defendant in *Scott*, who installed and maintained the fire detector and was aware of the adjacent premises, Plaintiffs fail to allege that Office Depot knew or should have known that the electrical counterfeit currency bill detector would be placed in a location with adjacent tenants.

Accordingly, the Court finds Plaintiffs have not pled that Office Depot owed Plaintiffs a duty. As such, their negligence claim against Office Depot must be dismissed.

**STATEMENT**

### B. Strict Liability (Count IV)

Plaintiffs also allege a strict liability tort claim based on products liability. They claim Office Depot is liable under this theory because it distributed the defective electrical counterfeit currency bill detector and failed to "properly design, manufacture, test, inspect and sell" the product. Pls.' Comp. at 16. Office Depot argues that this claim should be dismissed pursuant to Illinois' "seller's exception." 735 Ill. Comp. Stat. 5/2-621 (West 2010).

To establish a strict liability claim in Illinois, a plaintiff must plead that 1) an injury resulted from a condition in a product; 2) the condition of the product was unreasonably dangerous; and 3) the condition existed at the time the product left the manufacturer's control. *Saieva v. Budget Rent-A-Car of Rockford*, 591 N.E.2d 507, 515 (Ill. 1992). "At common law, all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors, and lessors of the product, are strictly liable in the products liability actions for injuries resulting from that product." *Brobbey v. Enter. Leasing Co.*, 935 N.E.2d 1084, 1091 (Ill. App. Ct. 2010). In 1979, Illinois enacted the "seller's exception." *See* 735 Ill. Comp. Stat. 5/2-621. This exception allows the Court to dismiss a nonmanufacturer defendant from a strict liability product claim, if the defendant certifies the correct identity of the manufacturer of the defective product. *Id.*

Attached with Office Depot's motion is an affidavit from its National Account Manager. *See Tierney v. Vahle,* 304 F.3d 734, 738-39 (7th Cir. 2002) (explaining that while courts are typically confined to the pleadings on 12(b)(6) motion to dismiss, the court can consider documents that are central to the plaintiff's claim). This affidavit certifies that "[t]he only counterfeit bill detector Office Depot ever sold was product number 937747, [the electrical counterfeit currency bill detector at issue] which was manufactured by and purchased from Hilton Trading Corp. d/b/a Accubanker USA." *See* ECF No. 7-4 at ¶ 11.

Despite this certification, Plaintiffs contend dismissal is not appropriate because Office Depot's affidavit "fails to certify the correct identity of the manufacturer of the defective product . . . " Pls.' Resp. to Def. Office Depot's Mot. to Dismiss Pls.' Comp. at 10. In light of the language quoted above, the Court finds this assertion baffling. It is undeniable that the affidavit states that the electrical counterfeit bill detector "was manufactured by and purchased from Hilton Trading Corp. d/b/a Accubanker USA." *See* ECF No. 7-4 at ¶ 11. Because of this, the Court finds Office Depot has satisfied the requirements for the seller's exception.

However, the Court's inquiry does not end here. There are certain exceptions which preclude a court from dismissing a nonmanufacturer under the seller's exception. In relevant part the statute states:

[a] court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiffs can show one or more of the following:

(1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instruction or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or

(2) That the defendant had actual knowledge of the defect in the product which caused the injury, death, or damage; or

**STATEMENT**

    (3) that the defendant created the defect in the product which caused the injury, death, or damage.

735 Ill. Comp. Stat. 5/2-621 (c)(1)(3).

    Plaintiffs argue that their complaint alleges that Office Depot exercised significant control over the design and manufacture of the product. They contend that Office Depot's affidavit fails to refute this allegation. The Court disagrees.

    Paragraph 12 of the affidavit states that after Office Depot received the electrical counterfeit currency bill detectors it "never opened or otherwise altered the individual "D-62" counterfeit detection unit boxes [and] these boxes were shipped to Bank of America, N.A. per order specifications in their original unaltered unit boxes." ECF No. 7-4 at ¶ 12. The Court finds this statement sufficient to establish that Office Depot was not in significant control of the design or manufacturing of the product at issue. Therefore, the Court finds the exception to the seller's exception inapplicable.

    As a final note, the Court points out that if Plaintiffs engage discovery and find that the information in Office Depot's affidavit is inaccurate, Plaintiffs are permitted to bring Office Depot back in this litigation. *See* 735 Ill. Comp. Stat. 5/2-621(b)(2); *see also LaRoe v. Cassens & Sons, Inc.,* 472 F. Supp. 2d 1041, 1053 (S.D. Ill. 2006) (stating that non-manufacturing defendant dismissed from an action pursuant to the seller's exception to products liability claims "remains functionally a party, susceptible of reinstatement at any time before judgment"). At this juncture, however the Court finds dismissal appropriate.

### IV. CONCLUSION

    For the foregoing reasons, the Court grants Defendant Office Depot's motion to dismiss.